[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
This is the plaintiff's Motion to Strike the defendants' second and third Special Defenses, the Recoupment and Set-off and the Counterclaim. The defendant has agreed that the second special defense and the Counterclaim can be stricken. The court then will consider only the plaintiff's claim with regard to the third special defense and the Recoupment and Set-off (hereinafter "Recoupment").
The defendant Lorraine Palumbo asserts in her third special defense that the plaintiff is barred from any recovery against her because the plaintiff violated the provisions of the Equal Credit Opportunity Act, 15 U.S.C.A. Sec 1691. That statute prohibits a lender to require the signature of the applicant's spouse if the applicant qualifies under the creditor's standards of credit worthiness. The defendant claims her signature was obtained in contravention of that statute and therefore the claim of the plaintiff is barred as against her. In a similar claim made by a spouse who was also a co-guarantor, Judge Aurigemma held that a violation of ECOA could not be asserted as a special defense. Federal Deposit Insurance Corporation v.LRV, Superior Court, judicial district of Hartford/New Britain at Hartford, docket No. 518729 (September 9, 1994 Aurigemma, J.). The court in that case cited a number of Federal cases in support of that position. U.S. v Joseph Hirsh Sportswear Co.Inc., 1989 WL 20604 (E.D.N.Y.), aff'd. without op., 923 F.2d 842
(2d Cir. 1990; Cmf Virginia Land, L.P. v. Brinson, 806 F. Sup. 90
. 95 E.D. Va. 1992); Riggs National Bank of Washington, D.C. v.Linch, 829 F. Sup. 163, 169 (E.D. Va. 1993); Diamond v. UnitedBank Trust, 776 F. Sup. 542 (N.D. Okla. Page 9063 1991). Judge Freedman, in another recent Superior Court decision, granted a motion to strike under the same circumstances found here. Federal Deposit Insurance Corporation v. Piccolo,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310755 (June 28, 1994, Freedman, J.).
 "Nowhere does ECOA afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a CT Page 2052 violation cannot be alleged to avoid basic liability on the underlying debt. . . .
 Invalidation of the debt itself is a remedy too drastic for the Court to implement simply by reading between the lines of the ECOA."
CMF Virginia Land L.P. v. Brinson, supra 806 F. Supp. at 95.
The plaintiff's Motion to Strike the defendants' third special defense is granted.
The plaintiff claims that the defendants' claim of Recoupment should be stricken because it seeks a complete recoupment of all monies claimed by the plaintiff, and that it should be stricken because the defendant does not seek something less than the entire amount. The plaintiff is correct that the defendant seeks "all or nothing" in her claim for recoupment. In construing facts most favorably to the non movant, which the court must do in a motion to strike, Novametrix Medical SystemInc v. BOC Group, Inc., 224 Conn. 210 214-15, 618 A.2d 25 (1992), the defendants' claim should not fail because she seeks the maximum recoupment, which she may be able to sustain. The plaintiff's Motion to Strike the Recoupment is denied.
/s/ Pellegrino, J. PELLEGRINO